LOCAL FORM 3015-1
REVISED 09/2025

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re: Theis, Denise Marie
Theis, Robert Paul

Debtor.
*In a joint case, "debtor" means "debtors" in this plan.*

Case No. 26-60342
CHAPTER 13 PLAN ☑ Modified
Dated 07/21/2026

**Part 1. NOTICE OF NONSTANDARD PLAN PROVISIONS, SECURED CLAIM LIMITATIONS, AND LIEN OR SECURITY INTEREST AVOIDANCE: The debtor must check the appropriate boxes below to indicate whether the plan does or does not include each of the following items:**

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim based on a valuation of the collateral for the claim, set out in Parts 6 or 14 | ☐ Included | ☑ Not Included |
| 1.2 | Avoidance of a security interest or lien, set out in Part 14 | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 15 | ☑ Included | ☐ Not Included |

**Part 2. DEBTOR'S PAYMENTS TO TRUSTEE: The initial plan payment is due not later than 30 days after the order for relief, unless the court orders otherwise.**

2.1 As of the date of this plan, the debtor has paid the trustee **$250.00** (including balance on hand of **$227.27**).

2.2 After the date of this plan, the debtor will pay the trustee: **$17,700.00**.

| Plan payment | Start MM/YYYY | End MM/YYYY | # of payments | Total |
|---|---|---|---|---|
| $300.00 | 2 (07/2026) | 60 (05/2031) | 59 | $17,700.00 |
| | | | PART 2.2 SUBTOTAL: | **$17,700.00** |

2.3 The minimum plan length is ☑ 36 months or ☐ 60 months from the date of the initial plan payment unless all allowed unsecured claims are paid in a shorter time.

2.4 The debtor will also pay the trustee ______.

2.5 The debtor will pay the trustee a total of **$17,950.00** [lines 2.1 + 2.2 + 2.4].

2.6 If the debtor is required to file a tax return under applicable nonbankruptcy law, the debtor will file with appropriate tax authorities all returns and provide the trustee a copy of each filed return within 14 days of filing. The debtor will treat tax refunds as follows: **The debtor(s) shall be entitled to the first $1200 for an individual chapter 13 debtor and $2,000 for married chapter 13 debtors of each year's tax refunds. The balance shall be paid to the trustee as an additional plan payment. Any Earned Income Credit and Minnesota Working Family Credits shall be retained by the debtor(s). The debtors shall keep these credits in addition to the $1,200 or $2,000.**
.

**Part 3. PAYMENTS BY TRUSTEE AND TRUSTEE'S FEES:** Prior to confirmation of the plan, the trustee will pay from available funds payments designated as Adequate Protection ("Adq. Pro.") under Parts 6 and 7 to creditors with claims secured by personal property. All other funds will be disbursed by the trustee following confirmation of the plan as soon as is practicable. The trustee will pay from available funds only creditors for which proofs of claim have been filed. The trustee is not required to retain funds for any claim for which a proof of claim has not been timely filed and may disburse those funds to other claimants. The trustee may collect a fee of up to 10% of plan payments, or **$1,795.00** [line 2.5 x 0.10]. If relief from the automatic stay is ordered as to any item of collateral listed in the plan, then, unless otherwise ordered by the court, all payments by the trustee as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

LOCAL FORM 3015-1
REVISED 09/2025

**Part 4. EXECUTORY CONTRACTS AND UNEXPIRED LEASES (§ 365):** The debtor assumes the following executory contracts or unexpired leases. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. Cure provisions, if any, are set forth in Part 5.

| | Creditor | Description of property |
|---|---|---|
| | **None** | |

**Part 5. MAINTENANCE OF PAYMENTS AND CURE OF DEFAULT, IF ANY (§ 1322(b)(5)):** The debtor will maintain the current contractual installment payments on the claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be paid directly by the debtor unless otherwise specified below. The trustee will pay the arrearage amount listed in the proof of claim at the interest rate specified below, unless otherwise ordered by the court. The creditors will retain liens. All following entries are estimates, except for interest rate.

| | Creditor | Description of property | Arrears amount (if any) | Interest rate on arrears (if any) | Beginning in MM/YY | Monthly payment | # of payments | Remaining arrears payments | + *amount paid to date by trustee (mod. plan only)* | Total trustee arrears payments |
|---|---|---|---|---|---|---|---|---|---|---|
| 5.1 | Security Bank USA | 51584 Warbler Dr Bemidji, MN 56601-6593<br><br>LOT SIX (6), BLOCK TWO (2), GRACE VIEW ESTATES FIRST ADDITION | | | | | | | | |
| | | | Current installment payment | | Disbursed by: | | Remaining trustee installment payments | | + *amount paid to date by trustee (mod. plan only)* | Total trustee installment payments |
| | | | $1,331.00 | | ☑ Debtor<br>☐ Trustee | | $0.00 | | $0.00 | $0.00 |
| 5.2 | American Honda Finance | 2024 Honda CRV | | | | | | | | |
| | | | Current installment payment | | Disbursed by: | | Remaining trustee installment payments | | + *amount paid to date by trustee (mod. plan only)* | Total trustee installment payments |
| | | | $630.00 | | ☑ Debtor<br>☐ Trustee | | $0.00 | | $0.00 | $0.00 |
| 5.3 | Consumer Portfolio Service | 2023 Chrysler Pacifica | | | | | | | | |
| | | | Current installment payment | | Disbursed by: | | Remaining trustee installment payments | | + *amount paid to date by trustee (mod. plan only)* | Total trustee installment payments |
| | | | | | | | | | TOTAL: | **$0.00** |

LOCAL FORM 3015-1
REVISED 09/2025

| | Creditor | Description of property | Arrears amount (if any) | Interest rate on arrears (if any) | Beginning in MM/YY | Monthly payment | # of payments | Remaining arrears payments | *+ amount paid to date by trustee (mod. plan only)* | Total trustee arrears payments |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | $572.00 | ☑ Debtor<br>❑ Trustee | | | $0.00 | $0.00 | $0.00 |
| | | | | | | | | | TOTAL: | **$0.00** |

**Part 6. SECURED CLAIMS SUBJECT TO MODIFICATION ("CRAMDOWN") PURSUANT TO § 506 (§ 1325(a)(5)):** The trustee will pay the amount set forth in the "Total payments" column below on the following secured claims if a proof of claim is filed and allowed. Notwithstanding a creditor's proof of claim filed before or after confirmation, if the plan has been served upon each of the affected creditors identified below in the manner provided for by Fed. R. Bankr. P. 7004, the amount listed in the secured claim amount column binds the creditor pursuant to 11 U.S.C. § 1327 and confirmation of the plan is a determination of the creditor's allowed secured claim, unless otherwise ordered by the court. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with Fed. R. Bankr. P. 3012(c) controls over any contrary amount. Unless otherwise specified in Part 15, the creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. § 1325(a)(5)(B)(i). Any allowed unsecured portion of the claim will be paid under Part 10, Part 11, or Part 12.

| | Creditor | Est. claim amount | Secured claim amount | Int. rate | Adq. Pro. (Check) | Beginning in MM/YY | Monthly payment | # of payments | Remaining payments | *+ amount paid to date by trustee (mod. plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|---|---|---|
| **None** | | | | | | | | | | | |
| | | | | | | | | | | TOTAL: | **$0.00** |

**Part 7. SECURED CLAIMS EXCLUDED FROM § 506 AND NOT SUBJECT TO MODIFICATION ("CRAMDOWN") (§ 1325(a)) (910 vehicles and other things of value):** The trustee will pay the amount of the allowed secured claim listed in the proof of claim, unless otherwise ordered by the court, at the interest rate set forth below. Any allowed unsecured portion of the claim will be paid under Part 10, Part 11, or Part 12. **All following entries are estimates, except for interest rate.** Unless otherwise specified in Part 15, the creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. § 1325(a)(5)(B)(i).

| | Creditor | Est. secured claim amount | Int. rate | Adq. Pro. (Check) | Beginning in MM/YY | Monthly payment | # of payments | Remaining payments | *+ amount paid to date by trustee (mod. plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|---|---|
| **None** | | | | | | | | | | |
| | | | | | | | | | TOTAL: | **$0.00** |

**Part 8. PRIORITY CLAIMS UNDER § 507(a)(2) THROUGH (a)(10):** The trustee will pay the amount of the allowed priority claim listed in the proof of claim, unless otherwise ordered by the court. **All following entries are estimates.**

| | Creditor | Claim amount | Beginning in MM/YY | Monthly payment | # of payments | Remaining payments | *+ amount paid to date by trustee (mod. plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|
| 8.1 | Internal Revenue Service | $7,614.09 | | Pro-Rata | | $7,614.09 | $0.00 | $7,614.09 |
| 8.2 | Minnesota Department of Revenue | $3,284.20 | | Pro-Rata | | $3,284.20 | $0.00 | $3,284.20 |
| 8.3 | Walker & Walker Law Offices, PLLC | $4,346.00 | 07/26 | $225.00 | 19 | $4,275.00 | $0.00 | $4,346.00 |
| | | | 02/28 | $71.00 | 1 | $71.00 | | |
| | | | | | | | TOTAL: | **$15,244.29** |

LOCAL FORM 3015-1
REVISED 09/2025

**Part 9. DOMESTIC SUPPORT OBLIGATION CLAIMS UNDER § 507(a)(1):** The trustee will pay the amount of the allowed priority claim listed in the proof of claim, unless otherwise ordered by the court. **All following entries are estimates.**

| | Creditor | Claim amount | Beginning in MM/YY | Monthly payment | # of payments | Remaining payments | *+ amount paid to date by trustee (mod. plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|
| **None** | | | | | | | | |
| | | | | | | | TOTAL: | **$0.00** |

**Part 10. SEPARATE CLASSES OF UNSECURED CLAIMS:** In addition to the classes of unsecured claims specified in Part 11 and Part 12, there shall be separate classes of nonpriority unsecured claims including the following. The trustee will pay the nonpriority amount. listed in the proof of claim, unless otherwise ordered by the court. **All following entries are estimates, except for interest rate.**

| | Creditor | Unsecured claim amount | Interest rate (if any) | Beginning in MM/YY | Monthly payment | # of payments | Remaining payments | *+ amount paid to date by trustee (mod. plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|---|
| **None** | | | | | | | | | |
| | | | | | | | | TOTAL: | **$0.00** |

**Part 11. TIMELY FILED UNSECURED CLAIMS:** The trustee will pay holders of allowed nonpriority unsecured claims for which proofs of claim were timely filed the remaining funds received by the trustee and not paid under Parts 3, 5, 6, 7, 8, 9, and 10 on a pro rata basis.
**All following entries are estimates.**

| | |
|---|---|
| Estimated nonpriority unsecured claims held by creditors listed in Parts 6, 7, and 14 | $0.00 |
| + Total estimated nonpriority and not separately classified unsecured claims (excludes Parts 6, 7, 10, and 14 unsecured claims) | $75,159.00 |
| = Total estimated nonpriority and not separately classified unsecured claims (excludes Part 10 claims) | $75,159.00 |
| Projected percentage payment to unsecured claims (excludes Part 10 claims) | 1.18% |

| | |
|---|---|
| Estimated remaining payments | $890.25 |
| *+ amount paid to date by trustee (mod. plan only)* | |
| = TOTAL estimated payments | $890.25 |

**Part 12. TARDILY-FILED UNSECURED CLAIMS:** All money paid by the debtor to the trustee under Part 2, but not distributed by the trustee under Parts 3, 5, 6, 7, 8, 9, 10, and 11, will be paid to holders of allowed nonpriority unsecured claims for which proofs of claim were tardily filed. Tardily-filed claims remain subject to objection pursuant to 11 U.S.C. § 502(b)(9).

**Part 13. SURRENDER OF COLLATERAL AND REQUEST FOR TERMINATION OF STAY:** The debtor has surrendered or will surrender the following property to the creditor. The debtor requests that the stays under 11 U.S.C §§ 362(a) and 1301(a) be terminated as to the surrendered collateral upon confirmation of the plan.

| | Creditor | Description of property *(including the complete legal description of real property)* |
|---|---|---|
| **None** | | |

LOCAL FORM 3015-1
REVISED 09/2025

**Part 14. LIEN AVOIDANCE:** The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor would have been entitled under 11 U.S.C. § 522(b). If the plan has been properly served upon each of the affected creditors identified below in the manner provided for by Fed. R. Bankr. P. 7004, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan, unless otherwise ordered by the court. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 11 or Part 12, to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the Part 6 or Part 7. *See* 11 U.S.C. § 522(f) and Fed. R. Bankr. P. 3012(b) and 4003(d). *Insert additional tables for each lien.*

| **Information regarding judicial lien or security interest** | | **Calculation of lien avoidance** | | **Extent of exemption impairment (check one)** |
|---|---|---|---|---|
| Creditor: | | a. Amount of lien | | ❑ Line f is equal to or greater than line a. The entire lien is avoided. The amount of the unsecured claim is (line a): ____________.<br>❑ Line f is less than line a. A portion of the lien is avoided. The amount of secured claim after avoidance (line a minus line f): ____________. The amount of the unsecured claim is (line f): ____________. |
| Collateral: | | b. Amount of all other liens | | |
| Lien identification (such as judgment date, date of lien recording, book and page number) | | c. Value of claimed exemptions | | |
| | | d. Total of adding lines a, b, and c | | |
| | | e. Value of debtor's interest | | |
| | | f. Subtract line e from line d. | | |

**Part 15. NONSTANDARD PROVISIONS:** The trustee may distribute additional sums not expressly provided for herein at the trustee's discretion. Any nonstandard provisions, as defined in Fed. R. Bankr. P. 3015(c), must be in this Part. Any nonstandard provision placed elsewhere in the plan is void.

| | |
|---|---|
| 15.1 | **<u>1305 claims</u>**<br>Pursuant to 11 U.S.C. Section 1305, a proof of claim may be filed by the Internal Revenue Service or Minnesota Department of Revenue for taxes that become payable while the case is pending. The trustee shall only pay Section 1305 claims attributable to the taxable year in which the case concerning such debtor(s) was filed, and only to the extent funds are available. |
| 15.2 | **<u>Post-Petition Consumer Debt</u>**<br>Approval by the Bankruptcy Court or the Chapter 13 Trustee shall not be required prior to the debtor incurring a consumer debt while this case is pending, but the holder of the claim against the debtor based upon such debt is subject to § 1305. |
| 15.3 | **<u>Property taxes paid directly by debtor(s) outside of plan</u>**<br>The debtor(s) or their mortgage servicer may pay property taxes directly to the county taxing authority when the property taxes become due. |
| 15.4 | **<u>Surrender and Relief From Stay</u>**<br>Upon the granting of relief from the automatic stay, the trustee shall cease payments on account of the secured portion of the applicable claim. For any claim arising from the granting of relief from the automatic stay, surrender, foreclosure, repossession, or return of any collateral to any creditor listed in Parts 4, 5, 6, 7, 8, 9, 10, 13 or Non-standard provisions, for any reason, including plan modification, the trustee shall pay such claim as a general unsecured claim upon amendment of the applicable claim. Any alleged balance of any claim to such creditor shall be discharged upon the debtor(s) receiving a discharge in this case, excluding the first-priority mortgage claim on the debtor(s) principal residence. |

**SUMMARY OF TOTAL ESTIMATED PAYMENTS:**

| Class of payment | Total payments |
|---|---|
| Payments by trustee [Part 3] | $1,795.00 |
| Maintenance of payments and cure of default, if any [Part 5] | $0.00 |
| Secured claims subject to modification (cramdown) pursuant to § 506 [Part 6] | $0.00 |

LOCAL FORM 3015-1
REVISED 09/2025

| Class of payment | Total payments |
|---|---|
| Secured claims excluded from § 506 [Part 7] | $0.00 |
| Priority claims [Part 8] | $15,244.29 |
| Domestic support obligation claims [Part 9] | $0.00 |
| Separate classes of unsecured claims [Part 10] | $0.00 |
| Timely filed unsecured claims [Part 11] | $910.71 |
| TOTAL (must equal line 2.5) | $17,950.00 |

Certification regarding nonstandard provisions:
I certify that this plan contains no nonstandard provision except as placed in Part 15.

Signed: **s/ Ethan J. Mustonen**
Ethan J. Mustonen
Attorney for debtor
Bar Number: 0399356
Walker & Walker Law Offices, PLLC
4356 Nicollet Ave
Minneapolis, MN 55409
Phone: (612) 824-4357
Fax: (612) 824-8005
Email: Ethan@bankruptcytruth.com

Signed: **s/ Denise Marie Theis**
Denise Marie Theis
Debtor 1

Signed: **s/ Robert Paul Theis**
Robert Paul Theis
Debtor 2 (if joint case)

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF MINNESOTA**

In re: Theis, Denise and Robert
Debtor(s)

Case No. 26-60342
Chapter 13 Case

NOTICE OF CONFIRMATION HEARING AND NOTICE OF MODIFIED PLAN

To: Kyle Carlson, the U.S. Trustee, and other entities specified in Local Rule 1007-2(a):

1. The debtor(s) have filed a preconfirmation modified plan and it will be considered at the confirmation hearing in this case set forth below.

2. The court will hold a hearing on this motion at 9:00AM on 2026-08-20 .The hearing will be conducted telephonically.

3. Please contact Judge Fisher's Courtroom Deputy by email at mnb_fisher_hearings@mnb.uscourts.gov or by telephone at 651-848-1061 to obtain the dial-in information. Dial-in instructions for telephonic hearings will also be displayed the day prior to the hearing on Judge Fisher's public calendar here: https://www.mnb.uscourts.gov/judges-calendars. Any person wanting to appear in person must contact Judge Fisher's Courtroom Deputy at 651-848-1061 at least 48 hours prior to the hearing.

4. Any objection to this plan must be filed and served on or before 2026-08-18.

WHEREFORE, the Debtor(s) respectfully request(s) the Court to confirm the modified plan.

Dated: 07/21/2026.

/s/ Ethan J Mustonen
Andrew C. Walker #0399356
Walker and Walker Law Offices, PLLC
Attorney for debtor(s)
4356 Nicollet Ave
Minneapolis, MN 55409
(612) 824-4357

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF MINNESOTA**

In re: Theis, Denise and Robert
Debtor(s)

Case No. 26-60342

UNSWORN CERTIFICATE OF SERVICE

I, Jennifer Nelson , Declare under penalty of perjury that on 07/21/2026, I mailed copies of the foregoing Notice of Confirmation Hearing and Notice Of PreConfirmation Modified Plan by first class mail, postage prepaid, or by electronic mail using ECF to each entity named below at the address stated below for each entity.

United States Trustee
1015 U.S. Courthouse
300 South 4th Street
Minneapolis, MN 55415

Kyle Carlson
55 2nd Ave SW
Barnesville, MN 56514

And creditors on the attached list

Executed on: 07/21/2026

/e/ Jennifer Nelson

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0864-6<br>Case 26-60342<br>District of Minnesota<br>Fergus Falls<br>Tue Jul 21 16:09:27 CDT 2026 | Fergus Falls - St Paul<br>200 Warren E Burger Federal Building and<br>U. S. Courthouse<br>316 N Robert St<br>St Paul, MN 55101-1495 | (p)AMERICAN HONDA FINANCE<br>P O BOX 168088<br>IRVING TX 75016-8088 |
| Bank of America<br>Po Box 982238<br>El Paso, TX 79998-2238 | COMENITY BANK/LNBRYANT<br>Po Box 182273<br>Columbus, OH 43218-2273 | CONSUMER PORTFOLIO SERVICES, INC.<br>PO BOX 57071<br>IRVINE, CA 92619-7071 |
| Capital One<br>Po Box 30285<br>Salt Lake City, UT 84130-0285 | Consumer Portfolio Service<br>PO Box 57071<br>Irvine, CA 92619-7071 | Credit One Bank<br>PO Box 98872<br>Las Vegas, NV 89193-8872 |
| Discover Card<br>PO Box 30923<br>Salt Lake City, UT 84130-0923 | First Bank & Trust<br>200 S Phillips Ave<br>Sioux Falls, SD 57104-6320 | First Premier<br>3820 N Louise Ave<br>Sioux Falls, SD 57107-0145 |
| Internal Revenue Service<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | (p)JEFFERSON CAPITAL SYSTEMS LLC<br>PO BOX 7999<br>SAINT CLOUD MN 56302-7999 | Kohls/Capital One<br>ATTN: Credit Administrator<br>Po Box 3115<br>Milwaukee, WI 53201-3115 |
| LVNV Funding<br>PO Box 10497<br>Greenville, SC 29603-0497 | LVNV Funding, LLC<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 | MERRICK BANK<br>Resurgent Capital Services<br>PO Box 10368<br>Greenville, SC 29603-0368 |
| MN Deed<br>332 Minnesota Street Suite E200<br>Saint Paul, MN 55101-1349 | Merrick Bank<br>Po Box 9201<br>Old Bethpage, NY 11804-9001 | Minnesota Department of Revenue<br>551 Bkcy Section<br>PO Box 64447<br>St Paul, MN 55164-0447 |
| (p)NATIONAL DEBT RELIEF<br>ATTN NATALIA BROWN<br>180 MAIDEN LANE 28TH FLOOR<br>NEW YORK NY 10038-4946 | OLLO/TBOM<br>Po Box 9222<br>Old Bethpage, NY 11804-9222 | (p)PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 |
| Premier Bankcard, LLC<br>Jefferson Capital Systems, LLC Assignee<br>PO BOX 7999<br>SAINT CLOUD, MN 56302-7999 | Quantum3 Group LLC as agent for<br>MOMA Trust LLC<br>PO Box 788<br>Kirkland, WA 98083-0788 | Quantum3 Group LLC as agent for<br>Velocity Investments LLC<br>PO Box 788<br>Kirkland, WA 98083-0788 |
| SYNCB/JCPENNEY<br>Po Box 965009<br>Orlando, FL 32896-5009 | SYNCB/SAMSDC<br>Po Box 71754<br>Philadelphia, PA 19176-1754 | SYNCB/VENMO<br>4125 Windward Plz<br>Alpharetta, GA 30005-8738 |

(p)SECURITY BANK USA
1025 PAUL BUNYAN DRIVE NW
BEMIDJI MN 56601-2133

State of Minnesota, Department of Revenue
PO BOX 64447-BKY
ST PAUL, MN 55164-0447

Stellantis
Attn: Compliance Dept
3065 Akers Mill Rd SE
Atlanta, GA 30339-3124

Stellantis Financial Services
25000 Great Northern Blvd.
North Olmsted, OH 44070

Transportation Alliance Bank dba TAB Bank
6679 S Redwood Rd
Salt Lake City, UT 84123

US Trustee
1015 US Courthouse
300 S 4th St
Minneapolis, MN 55415-3070

United States Trustee
950 Pennsylvania Avenue Nw Suite 1200
Minneapolis, MN

Walker & Walker Law Offices, PLLC
4356 Nicollet Ave
Minneapolis, MN 55409-2033

Webbank/One Main
PO Box 3316
Evansville, IN 47732-3316

Denise Marie Theis
51584 Warbler Dr
Bemidji, MN 56601-6593

Ethan J. Mustonen
Walker & Walker Law Offices PLLC
4356 Nicollet Ave. S.
Minneapolis, MN 55409-2033

Kyle Carlson
Chapter 13 Trustee
PO Box 519
Barnesville, MN 56514-0519

Robert Paul Theis
51584 Warbler Dr
Bemidji, MN 56601-6593

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

American Honda Finance
2170 Point Blvd Ste 100
Elgin, IL 60123-7875

(d)American Honda Finance Corporation
National Bankruptcy Center
P.O. Box 168088
Irving, TX 75016-8088

Jefferson Capital Systems, LLC
PO BOX 7999
SAINT CLOUD, MN 56302-9617

National Debt Relief
180 Maiden Ln Fl 30
New York, NY 10038-5019

PORTFOLIO RC
120 Corporate Blvd Ste 100
Norfolk, VA 23502-4952

(d)PORTFOLIO RECOVERY ASSOCIATES, LLC
POB 41067
Norfolk, VA 23541

(d)Portfolio Recovery Associates, LLC
c/o Mission Lane LLC
POB 12914
Norfolk VA 23541

Security Bank USA
1025 Paul Bunyan Dr Nw
Bemidji, MN 56601-2133

End of Label Matrix
Mailable recipients 42
Bypassed recipients 0
Total 42